# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3243

_____

United States of America

*Plaintiff - Appellee*

v.

Marlo Harper, also known as Umar Amir Al-Sayyaad Allahdheen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: May 6, 2024
Filed: July 23, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and STRAS, Circuit Judges.

_____

PER CURIAM.

The appellant, Umar Amir Al-Sayyaad Allahdheen, pled guilty to two counts of possession of a firearm by a felon and a drug user, in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(e)(1). The district court[1] sentenced him to 198

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

months' imprisonment followed by 5 years of supervised release on each count, with the sentences to run concurrently. Allahdheen now appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On August 10, 2021, during a traffic stop of the vehicle Allahdheen was driving, law enforcement officers discovered Allahdheen in possession of a loaded 9-millimeter handgun tucked in his waistband. Officers found a .22 caliber semi-automatic handgun, two fully loaded .22 caliber magazines, and a folding knife on Allahdheen's wife, who was in the front passenger seat, and two fully loaded 9-millimeter magazines, one fully loaded .22 caliber magazine, and four loose rounds of 9-millimeter ammunition in the trunk of the vehicle. Officers also found 1.7 grams of suspected marijuana in a bag on the ground just outside the passenger side of the vehicle. Fourteen days later, law enforcement again stopped Allahdheen for a traffic violation. During a search of the vehicle, officers seized an unloaded 9-millimeter handgun, an unloaded 10-round magazine, and rolling papers from the center console. In the trunk, officers discovered suspected marijuana, two .223 caliber rifles, four loaded .223 caliber magazines, a 12-gauge shotgun, 12-gauge shotgun shells and a loaded 9-millimeter magazine.

After being indicted on two counts of being a felon and a drug user in possession of a firearm, Allahdheen entered a guilty plea. The United States Probation Office prepared a Presentence Investigation Report (PSR), which recounted Allahdheen's criminal history, including convictions for first degree assault; second degree assault; and two counts of aggravated assault and one count of terroristic threatening. These convictions qualified as predicate convictions under the Armed Career Criminal Act (ACCA), making Allahdheen an armed career criminal. At sentencing, Allahdheen, representing himself, with standby counsel, asserted in objecting to the findings of the PSR that he was legally entitled to possess firearms because his Muslim religion permitted him to do so. He specifically cited chapter 22, verse 39 of the Quran in stating: "the word of the law says in this regard . . . [p]ermission is granted those to take up arms who fight because they were oppressed." While the district court did not question the accuracy of the quotation,

it overruled the objection, stating that the Quran "is not something that applies here under federal law and in a federal sentencing." The district court calculated Allahdheen's United States Sentencing Guidelines range as 151 to 188 months' imprisonment. However, under 18 U.S.C. § 924(e)(1), the minimum sentence was 180 months on each count, resulting in a final sentencing range of 180 to 188 months. The district court varied upward and sentenced Allahdheen to 198 months' imprisonment to be followed by 5 years of supervised release on each count, with the sentences to run concurrently.

On appeal, Allahdheen asserts that the district court abused its discretion by imposing a substantively unreasonable sentence. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Palkowitsch, 36 F.4th 796, 802 (8th Cir. 2022) (citation omitted). Further, "[i]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Godfrey, 863 F.3d at 1099 (citation omitted).

Allahdheen first contends that the district court gave significant weight to an improper factor—his Muslim religion. We reject this claim. At sentencing, it was Allahdheen, not the district court, who raised his Muslim faith when, in objecting to provisions of the PSR, he told the court that his religion authorized him to carry firearms. Later, in discussing the 18 U.S.C. § 3553(a)(2)(B) factor of deterrence, the district court, clearly concerned about Allahdheen's contention, stated: "As long as he believes it is his right and duty under his religion to carry firearms, I believe he would do that again upon being released, so I have to take that into account." With Allahdheen contending that he had the right by virtue of his faith to possess firearms, even though he is a felon, it is not surprising that the district court would

mention Allahdheen's religion in explaining the reason for its concern that Allahdheen would re-offend. And, having reviewed the entire sentencing record, we conclude that the district court did not rely on Allahdheen's religious status qua status as a basis for imposing harsher punishment. See United States v. Ali, 799 F.3d 1008, 1034 (8th Cir. 2015) (noting that, where the defendant was tried on charges of conspiracy to provide material support to an Islamist terrorist organization and "religion was a pervasive theme underlying the entire trial[,] it [was] not surprising that religion might have been mentioned at sentencing" (citation omitted)).

Allahdheen further argues that his sentence is substantively unreasonable because the district court did not give sufficient weight to the sentencing disparity which he contends exists between Allahdheen and other defendants, and his history, particularly mitigating facts such as his difficult upbringing and life circumstances, as well as the fact that he discontinued his gang affiliation at age 23. See 18 U.S.C. § 3553(a)(1), (6) ("The court, in determining the particular sentence to be imposed shall consider . . . the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). However, "[a] district court has 'wide latitude' to assign weight to give[n] factors, and '[t]he district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal.'" United States v. Brown, 992 F.3d 665, 673-74 (8th Cir. 2021) (third alteration in original) (citation omitted). In short, Allahdheen's argument "amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors." United States v. Carnes, 22 F.4th 743, 751 (8th Cir. 2022).

For the reasons set forth above, we affirm the judgment of the district court.
_____